1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

"Vicky",

                Plaintiff,

    v.

Mark Lester Besola,

                Defendant.

NO.  3:15-CV-05061

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT

NOTE ON MOTION CALENDAR:
**February 13, 2015**

## I.  STATEMENT OF RELIEF REQUESTED

Plaintiff "Vicky" moves this Court as follows:

A.      For a prejudgment Writ of Attachment pursuant to Fed. Rule Civ. P. 64, and RCW 6.25 et seq.  Plaintiff requests attachment of all real property owned by Defendant Mark Lester Besola ("defendant" or "Besola") based upon RCW 6.25.030(9) providing for attachment when the damages for which the action is brought arise out of the commission of a felony;

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 1

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

B.     For an order to the United States Marshal to post each of the properties with notice of the attachment; and,

C.     For an appropriate bond amount, considering the facts of this case, of $5,000 to secure the requested writ.

Plaintiff requests this prejudgment writ of attachment in order to secure a lien on the real properties of defendant during the pendency of this litigation in order to prevent defendant from disposing of the same by sale or otherwise, and to assure that such property might be levied upon to satisfy a judgment obtained by plaintiff. There is no intent underlying this request to harass or unduly hinder the defendant in his normal business activities, nor to defraud creditors of the defendant.

## II.  FACTS

The facts set forth in this motion are based on the Declaration of Counsel Carol L. Hepburn dated January 29, 2015 ("Hepburn Dec.") and the following exhibits attached thereto:

1. Judgment and Sentence in *State v. Besola,* WA. Superior Ct. No. 09-1-03223-0 attached as Exhibit 1 ("Ex. 1").

2. Opinion of the Washington State Court of Appeals, Case No. 71432-5-I, in *State v. Besola* filed May 19, 2014 attached as Exhibit 2 ("Ex. 2");

3. The Petition for Review in I *State v. Besola*, WA. Supreme Ct. No. 905541 filed July 20, 2014 by defendant Besola and attached as Exhibit 3 ("Ex. 3");

4. Plaintiff's Victim Impact Statement ("VIS"), attached to Hepburn Decl. as Exhibit 4 ("Ex. 4");

5. The National Center for Missing and Exploited Children ("NCMEC") Child Identification Report ("CVIP"), documenting that Plaintiff's images were

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 2

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

found in Defendant's possession, attached to Hepburn Decl. as Exhibit 5 ("Ex. 5");

6.   Excerpts of testimony at defendant Besola's criminal trial which establish the seizure of child pornography from the defendant and in which he admits to ownership of the real property including that which was the subject of the search warrant and ownership of the computer and hard drives on which child pornography was found , attached to Hepburn Decl. as Exhibit 6 ("Ex. 6");

7.   Opinion in *United States v. Kennedy,* 642 F.2d 1251 (9th Cir. 2011);

8.   Forensic reports detailing plaintiff's damages by psychologist Dr. Randall Green, Ph.D., vocational analyst Merrill Cohen, M.C,, and economist Stan Smith, Ph.D.; and,

9.   Deeds evidencing defendant Besola's ownership of real property within the State of Washington.

## A.  THE CLAIMS

Plaintiff has brought two claims herein under statutes which provide civil remedies for those who are victims of child pornography.  She alleges that defendant Besola's conviction under the Washington State criminal statute of possessing and dealing in child pornography images which include her images is the equivalent of violation of 18 USC §§ 2252 and 2252A and thus supports her right to a civil remedy under 18 USC §§ 2252A(f) and 2255.

These federal civil remedial statutes provide as follow in pertinent part:

**18 USC §2252A(f)** provides

Any person aggrieved by reason of the conduct prohibited under subsection (a) or (b) . . . may commence a civil action for the relief set forth in paragraph (2) [providing for injunctive relief , compensatory and punitive damages, and attorneys fees and costs.],

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

The referenced subsections (a) and (b) proscribe (as pertinent here) knowing

possession of any material containing child pornography shipped by any means

or facility of interstate commerce, including by computer.

**18 USC § 2255** provides in pertinent part

> Any person who while a minor was a victim of a violation of [several
> statutes including 18 USC §§ 2252 and 2252A proscribing production,
> transport, distribution, or possession child pornography] and who suffers
> personal injury regardless of whether the injury occurred while a minor,
> may sue in any appropriate United States District Court and shall recover
> the actual damages such person sustains and the cost of suit, including a
> reasonable attorney's fee.  Any person as described in the preceding
> sentence shall be deemed to have sustained damages of no less than
> $150,000 in value.

**18 USC §2252** proscribes the knowing possession of any matter which contains

any visual depiction that has been shipped or produced using any means or

facility of interstate commerce, including by computer, if the production involved

the use of a minor engaging in sexually explicit conduct and the visual depiction

is of such conduct.  18 USC § 2252(a)(4)(B).

**B.  DEFENDANT'S COMMISSION OF THE FELONY OF POSSESSION AND
DEALING IN CHILD PORNOGRAPHY.**

**i. Execution of Search Warrant and Trial.**  On April 21, 2009, a search

warrant was executed by deputies and detectives of the Pierce County Sheriff's

Department upon the residence located at 5314 218th Ave East, Lake Tapps, in Pierce

County Washington.  (Hepburn Decl. Ex. 3. Pp. 4, 8-11).  This home was owned and

occupied by Defendant Mark Besola and was his primary residence.  Numerous DVDs

and other visual matter were seized which depicted minors engaged in sexually

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

explicit conduct.  Besola was ultimately charged and tried in Pierce County Superior Court.  He entered a stipulation to these facts at his criminal trial. (Hepburn Decl. Ex. 6 pp. 830 – 832.)

Among the images of child pornography found on Besola's computer and media were those of known victims including of the sexual abuse of plaintiff Vicky herein when she was a prepubescent child as documented by the report of the National Center for Missing and Exploited Children.  (Hepburn Decl. Ex. 5, p. 439).

Besola was convicted by a jury on one count of dealing in child pornography in violation of RCW 9.68A.050(1) and one count of possession of child pornography in violation of RCW 9.68A.070.  (Hepburn Decl. Ex. 1).

**ii. Appeal**

Besola's conviction and sentence were affirmed on appeal to the Washington State Court of Appeals (Hepburn Decl. Ex. 2, *Besola* Opinion ) He thereafter filed a Petition for Review to the Washington State Supreme Court citing three bases for review – the alleged insufficiency of the search warrant, alleged error in jury instructions in failure to instruct that the defendant must be proven to know that the persons depicted in the videos are minors, and error in calculation of Besola's offender score for purposes of sentencing (Hepburn Decl. Ex. 3, *Besola* Pet. Rev., pp. 1-2). There is no allegation that Besola did not, in fact, possess the images of child pornography.  The Supreme Court has accepted review and that matter is set for argument on February 19, 2015.

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 5

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**C. PROOF OF DAMAGES**

Plaintiff's victim impact statement and the psychological evaluation report of Dr. Green establish, that the dealing and possession of Vicky's images exacerbate, aggravate, and compound the grave psychological injury she suffered at the hands of her sexual perpetrator.  (*See generally* Hepburn Decl. Ex. 4 (VIS) and Ex. 8 (Green Report)).  The psychological injury Vicky suffered includes fear, panic attacks, grief, hypervigilence, relationship dysfunction, nightmares, post-traumatic stress disorder with dissociative symptoms, embarrassment, paranoia, and extreme stress.  (Hepburn Decl. Ex. 8 at pp. 10 – 12, 16 – 17.)   The ongoing awareness that the pictures are being consumed by people such as the Defendant keeps the original abuse alive and interferes significantly with the conduct of her daily life.  *Id*. As a result of these injuries, Vicky has sought the assistance of mental health professionals, and she will be required to do so for a number of years into the future.  (Hepburn Decl. Ex. 8 at pp. 13 – 14, 18.)

Vicky suffers from a rational paranoia knowing that anyone she meets might have viewed her images and recognize her.  (Hepburn Decl. Ex. 3 (VIS) p. 2; Ex. 8 at 12).

In sum,

 . . . [Vicky] continues to require individual therapy for reasons that are directly and indirectly related to the knowledge of the continued downloading and dissemination of her images, and the intermittent discovery of various attempts by those who have viewed her images to penetrate her privacy boundaries.

(Hepburn Decl. Ex. 8 pp. 17.)

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 6

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**D. THE DEFENDANT OWNS REAL PROPERTY WITHIN THE STATE OF WASHINGTON.**

The defendant owns six properties in his name alone and three together with a family member. Those owned individually by the defendant include properties on Lake Tapps, rental houses in Hoquiam and Raymond, property in San Juan County and at least two homes in Spokane.  He is also a joint owner with a family member in at least three other homes in Spokane.  (Hepburn Decl. Ex. 9)

At his criminal trial, Defendant Besola testified about owning fifteen properties in Spokane.  (Hepburn Decl. Ex. 6, pp. 1064 - 1072).  Plaintiff has no knowledge at this time of what became of the other ten Spokane properties.  Plaintiff has no information concerning encumbrances on any of the properties owned by defendant, and thus is without knowledge of the equity available in defendant's holdings.

**III.  ISSUES**

1.      Whether a prejudgment writ of attachment should be issued on Defendant's real property pursuant to RCW 6.25.030(9).

2.      If a writ should issue, what should the amount of the bond pursuant to RCW 6.25.080 and RCW 4.44.470.

**IV.  EVIDENCE RELIED UPON**

Plaintiff relies on the Declaration of Carol L. Hepburn of January 29, 2015 and the exhibits attached thereto.

//

//

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 7

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## V.  ARGUMENT

**PLAINTIFF IS ENTITLED TO A PREJUDGMENT WRIT OF ATTACHMENT**

Fed. R. Civ. P. 64 provides in pertinent part as follows:

> **Rule 64.  Seizing a Person or Property**
> **(a)  Remedies Under State Law—in General.**  At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. . . .

Under Washington law, chapter 6.25 RCW, a plaintiff may obtain a prejudgment attachment on a defendant's property under specified circumstances.

> The plaintiff at the time of commencing an action, or at any time afterward before judgment, may have the property of the defendant, or that of any one or more of several defendants, attached in the manner prescribed in this chapter, as security for the satisfaction of such judgment as the plaintiff may recover.

RCW 6.25.020.

A motion for issuance of a prejudgment writ of attachment must be supported by an affidavit alleging that the writ is not sought and action is not prosecuted in order to hinder, delay or defraud any creditor and that the affiant has reason to believe that the defendant is indebted to the plaintiff.  RCW 6.25.060.  Facts supporting this belief must be set forth as well as facts satisfying one of the grounds set forth in RCW 6.25.030.

**A.  This Case Seeks Damages For Injuries Arising From The Commission Of A Felony.  The Statutory Claim Provides For A Deemed Floor Of Damages Of $150,000.**

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 8

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

Washington law, RCW 6.25.030, provides for the issuance of a Writ of Attachment whenever one of ten specified grounds is present.  The ninth such ground is "(9) *That the damages for which the action is brought are for injuries arising from the commission of some felony, gross misdemeanor, or misdemeanor . . . .*" (emphasis added).

Besola has been convicted under RCW 9.68A.070 of possessing child pornography which includes images of the Plaintiff.  His sentence is currently stayed as his appeal is pending in the Washington State Supreme Court on issues unrelated to whether he actually possessed the child pornography which included images of the Plaintiff.  The images of the plaintiff were created prior to her puberty.  The facts supporting Defendant's conviction would also support a conviction under 18 U.S.C. §§2252 and 2252A.

Here the damages for which the action is brought are for injuries arising from the commission of a felony, to wit, the possession of depictions of a minor engaged in sexually explicit conduct.

**B.  Plaintiff Has Proven the Probable Validity of Her Claims**

The criminal conviction, and the report of the National Center for Missing and Exploited Children establish that Besola possessed Vicky's images.   As the U.S. Supreme Court in *Paroline v. United States,* ___ US ___, 134 S.Ct. 2710 (2014), has recently held, the possession of images of child pornography causes great and life long harm to the children who are the subjects of those images.  The Ninth Circuit Court of Appeals has reviewed and commented upon the evidence of Vicky's harm in

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 9

the case of a federally prosecuted possessor of her images.  In reviewing an issue

related to restitution in the criminal case, the court there affirmed that documentation

established the grave harm she had sustained by virtue of the images of her sexual

abuse as a child being downloaded and possessed by others.

> . . . Vicky presented ample evidence that the viewing of [her]
> images caused [her] emotional and psychic pain, violated [her] privacy
> interests, and injured [her] reputation and well-being.  *See Ferber,* 458
> U.S. at 759 7 n. 10, 102 S. Ct. 3348; *Free Speech Coal,.* 535 U.S. at
> 249, 122 S. Ct. 1389 . . . . . . Vicky described having night terrors and
> panic attacks due to the knowledge that her images were being viewed
> online.  Even without evidence that . . .  Vicky knew about [the
> defendant's] conduct, the district court could reasonably conclude that . .
> . Vicky [was] "harmed as a result of" [the defendant's] participation in the
> audience of individuals who viewed the images.  *See* §2259(c).  We
> therefore hold that . . . Vicky [is a] "victim" of [the defendant's] offense.

Hepburn Decl. Ex. 6, *Kennedy* Opinion, 643 F.3d at 1263.


The First Claim for Relief in this matter seeks relief under 18 U.S.C. § 2255(a):

> **In general. --**  Any person who, while a minor, was a victim of a violation
> of section . . . 2252 . . . of this title and who suffers personal injury as a
> result of such violation, regardless of whether the injury occurred while
> such person was a minor, may sue in any appropriate United States
> District Court and shall recover the actual damages such person sustains
> and the cost of the suit, including a reasonable attorney's fee.

Furthermore, section 2255(a) provides a statutory minimum damage award of

$150,000:  "Any person as described in the preceding sentence shall be deemed to

have sustained damages of no less than $150,000 in value."

Besola's conviction of possessing child pornography in violation of RCW

9.68A.070, (Hepburn Decl. Ex. 1) is the equivalent of violation of 18 USC §§2252 and

2252A.  As the NCMEC CVIP report documents, a video of plaintiff's sexual abuse

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 10

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273

1
2

was among the child pornographic image possessed by defendant Besola. (Hepburn

Decl. Ex. 5)

3
4

Thus, the conviction of the defendant and the evidence of plaintiff's damages

establish the likelihood of success on plaintiff's claims for relief.

5

**CONCLUSION**

6
7
8
9
10
11
12
13
14
15

Defendant has committed felony violations of child pornography laws which

have caused injury to the plaintiff; this action is based on his commission of those

crimes.  Plaintiff has submitted substantial proof of her injury as has been recognized

by the Ninth Circuit Court of Appeals.  Defendant is the owner of real property which

he may act to secrete or dispose of.  The grounds for issuance of a writ of attachment

set for the in RCW 6.25.030 have been met.  For the reasons set forth above and in

the Declaration of Carol L. Hepburn, the Court should grant the motion for

prejudgment attachment.

16

DATED this 29th day of January, 2015.

17

CAROL L. HEPBURN, P.S.

18
19
20
21
22
23
24

/s Carol L. Hepburn_____
Carol L. Hepburn
J. William Savage
2722 Eastlake Avenue East, #200
Seattle, WA  98102
 (206) 957-7272
(206) 957-7273 fax
Emails:  carol@hepburnlaw.net
            jwsavage@earthlink.net
Of attorneys for Plaintiff

25

MOTION FOR PREJUDGMENT
WRIT OF ATTACHMENT - 11

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
2722 EASTLAKE AVENUE E, SUITE 200
SEATTLE, WA 98102
TEL: (206) 957-7272 / FAX: (206) 957-7273