UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICKY,

          Plaintiff,

    v.

MARK LESTER BESOLA,

          Defendant.

CASE NO. C15-5061 BHS

ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff "Vicky's" motion to proceed with pseudonym and motion for prejudgment writ of attachment (Dkts. 2 & 3).

On January 29, 2015, Vicky filed a complaint against Defendant Mark Lester Besola ("Besola") asserting civil claims for damages based on Besola's criminal conduct. Dkt. 1. Vicky also filed the instant motions requesting authorization to proceed under the pseudonym "Vicky" and for prejudgment attachment on property either fully or partially owned by Besola. Dkts. 2 & 3.

With regard to proceeding under the pseudonym "Vicky," plaintiff has met her burden of showing that her need for anonymity outweighs Besola's or the public's

ORDER - 1

interest in knowing her identity. *Does I through XXII v. Advance Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Court, however, will require Vicky to submit her true identity in the case file under seal. Vicky may submit a declaration to the Court no later than May 22, 2015, and the Clerk shall renote the motion for consideration on the Court's May 22, 2015 calendar. Failure to file a declaration or show cause why one could not be filed may result in denial of the motion.

With regard to the motion for prejudgment attachment, a plaintiff who meets the requirements of RCW 6.25 may, at the time of commencing an action or at anytime afterward before judgment, have a defendant's property attached as security to satisfy a judgment in his or her favor. *Clearwater v. Skyline Const. Co.*, 67 Wn. App. 305, 316, (1992). Although a plaintiff may recover actual damages or minimum presumptive damages of $150,000, the presumptive damages are awarded on a per lawsuit basis. *Prewett v. Weems*, 749 F.3d 454, 462 (6th Cir. 2014).

In this case, Vicky alleges presumptive damages and seeks prejudgment attachment of ten residences. Vicky, however, fails to provide sufficient evidence of the value of the residences. In the absence of evidence as to the value of each residence or Besola's equity in any residence, the Court is concerned with issuing an order of attachment to all of this property. Therefore, the Court orders Vicky to show cause why the Court should issue an order attaching all of this property in the absence of evidence correlating Besola's interest in the property with an alleged amount of damages. Vicky may also supplement the record with additional evidence. Vicky shall respond no later than May 22, 2015, and the Clerk shall renote the motion for consideration on the Court's

1  May 22, 2015 calendar.  Failure to respond may result in denial of the motion without
2  prejudice.
3    **IT IS SO ORDERED**.
4    Dated this 27th day of April, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge